# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MATTHEW THAYER,<br><br>        Plaintiff,<br><br>v.<br><br>MARK SAWYER,<br><br>        Defendant. | Case No. 5:24-cv-01749-BLF<br><br>**ORDER GRANTING RENEWED MOTION FOR DEFAULT JUDGMENT AGAINST MARK SAWYER**<br><br>[Re: ECF No. 32] |

Before the Court is Plaintiff Matthew Thayer's Renewed Motion for Default Judgment Against Mark Sawyer. ECF No. 32 ("Mot."). The Clerk entered default against Defendant Mark Sawyer on July 11, 2024. ECF No. 19. The deadline for Mr. Sawyer's opposition to the present motion has passed without any response from Mr. Sawyer. *See* Civ. L.R. 7-3(a).

The Court previously deemed this motion suitable for disposition without oral argument, *id.* 7-1(b), and vacated the hearing set for February 20, 2025. ECF No. 34. For the following reasons, the Court GRANTS the Renewed Motion for Default Judgment Against Mark Sawyer (ECF No. 32).

## I. BACKGROUND

Plaintiff Matthew Thayer ("Plaintiff") filed this action on March 21, 2024. ECF No. 1 ("Compl."). In his Complaint, Plaintiff alleges that Defendant Mark Sawyer ("Defendant") breached a settlement agreement (the "Settlement Agreement") with Plaintiff, which the Parties entered into on February 9, 2024. Compl. ¶¶ 1, 8. Plaintiff states that, under the settlement terms agreed to, Defendant was to pay Plaintiff a total of $603,000 on the following agreed installment schedule:

    1. First Payment: $100,000 on or before March 9, 2024;

2. Second Payment: $100,000 on or before April 9, 2024;

3. Third Payment: $100,000 on or before May 9, 2024;

4. Fourth Payment: $100,000 on or before June 9, 2024;

5. Final Payment: $103,000 on or before July 9, 2024.

Compl. ¶ 9 & Ex. A.  According to Plaintiff, Defendant made one payment of $50,000 on February 12, 2024, but failed to make any further payments thereafter.  Compl. ¶¶ 11–12.  Although the Complaint and the settlement agreement attached thereto state that the deadline for the first installment was "March 9, 2024," Plaintiff alleges that the February 12, 2024 payment was late and "was only half of what Defendant agreed to pay by February 9, 2024." *Id.* ¶ 11.  He further alleges that Defendant has, through his counsel, communicated that he will not make any further payments.  *Id.* ¶¶ 11–13.

After he failed to appear or respond to the Complaint, the Clerk entered default against Defendant Mark Sawyer on July 11, 2024.  ECF No. 19.  Plaintiff then moved for default judgment on July 16, 2024.  ECF No. 21.  Magistrate Judge Virginia K. DeMarchi requested supplemental briefing regarding personal jurisdiction over Defendant, ECF No. 26, which Plaintiff submitted on September 10, 2024, ECF No. 27.  Judge DeMarchi then issued a Report and Recommendation, advising the Court that she recommended denying the motion for default judgment without prejudice based on Plaintiff's failure to establish that the Court could exercise personal jurisdiction over Defendant.  ECF No. 28.  The undersigned adopted Judge DeMarchi's Report and Recommendation in full on November 22, 2024, informing Plaintiff that he could renew his motion.  ECF No. 31.  Plaintiff filed the renewed motion on December 13, 2024.  ECF No. 32.

**II.   LEGAL STANDARD**

After entry of default, a court may, in its discretion, enter default judgment.  *See* Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  "Well-pleaded allegations are taken as admitted on a default judgment."  *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986), *amended*, 807 F.2d 1514 (9th Cir. 1987) (citing *Thomson v. Wooster*, 114 U.S. 104, 114 (1884), and *In re Visioneering Construction*, 661 F.2d 119, 124 (9th Cir. 1981)).  "However, necessary

facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

      Before entering default judgment, the Court must assess the adequacy of the service of process on the party against whom default is requested. *See Trustees of ILWU-PMA Pension Plan v. Coates*, No. 11-cv-3998, 2013 WL 556800, at *4 (N.D. Cal. Feb. 12, 2013) (citing *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999)). The Court must also determine whether it has subject matter jurisdiction over the action and personal jurisdiction over the defaulted defendant. *Id*. at *3–4. If the Court concludes that the defaulted defendant was properly served and that the Court has jurisdiction, the Court must next consider whether default judgment is appropriate, considering seven factors set forth by the Ninth Circuit: "(1) the possibility of prejudice to the plaintiff; (2) the merits of [the] plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## III.   DISCUSSION

### A.  Jurisdiction and Service

#### 1.  Personal Jurisdiction

      A federal court may exercise personal jurisdiction over a nonresident defendant only to the extent permitted under the law of the state in which the court sits. Fed. R. Civ. P. 4(k)(1). California permits courts to "exercise jurisdiction on any basis not inconsistent with the Constitution of [California] or of the United States." Cal. Civ. Proc. Code § 410.10. "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004). Therefore, the Court may exercise personal jurisdiction over a nonresident defendant so long as he has "at least 'minimum contacts' with [California] such that the exercise of jurisdiction 'does not offend traditional

3

notions of fair play and substantial justice.'" *Id.* at 801 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Personal jurisdiction may be general or specific. General jurisdiction "permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit," such as domicile. *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014). Specific jurisdiction supports the Court's exercise of jurisdiction based on "an affiliation between the forum and the underlying controversy," such as an "activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)) (internal alterations omitted).

Plaintiff asserts that there is specific personal jurisdiction over Defendant based on Defendant's purposeful contacts with California directly tied to the subject matter of this litigation. Mot. at 7. "Distilling Supreme Court precedent," the Ninth Circuit has set out a three-part test for ascertaining whether a court may exercise specific personal jurisdiction over a non-resident defendant:

> (1) the defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting activities in the forum;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1086 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 2561 (2024) (citing *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017)). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Schwarzenegger,* 374 F.3d at 802 (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). If he succeeds, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

The Court concludes that Plaintiff has met his burden on the first two prongs of the specific personal jurisdiction test. First, Plaintiff has shown that Defendant "purposefully availed" himself of the privileges of conducting activities in California. The purposeful availment analysis

4

is appropriate in suits, like this one, that sound in contract. *Schwarzenegger*, 374 F.3d at 802 (citing *Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001)). Plaintiff has submitted evidence that Defendant holds a California Financing Law License and has registered a professional address in California associated with that license. *See* Declaration of Jeffrey S. Gavenman in Support of Plaintiff's Renewed Motion for Default Judgment Against Mark Sawyer ("Gavenman Decl."), Ex. C. Defendant also maintains a website for his financial services business, MAS Financing, which likewise lists the business address as 1905 O'Toole Way, San Jose, CA 95131. *Id.*, Ex. D. These exhibits evince a deliberate effort to "engag[e] in significant activities within" California that create "continuing obligations" between Defendant and people in California. *See Rudzewicz*, 471 U.S. at 475–76. Accordingly, he "manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by 'the benefits and protections'" of California's laws, the Court finds that it is "presumptively not unreasonable to require him to submit to the burdens of litigation in that forum." *Id.* at 476.

   Plaintiff also argues that the Court can exercise personal jurisdiction over Defendant based on the terms of the Settlement Agreement, which states that the agreement shall be "governed, construed and interpreted in accordance with the laws of the State of California." Mot. at 7; Compl., Ex. A at 3. It is true that "[t]he Ninth Circuit has recognized that accepting a forum selection clause evidences consent to personal jurisdiction in that forum." *Marshall Wealth Mgmt. Grp., Inc. v. Santillo*, No. 18-cv-03510, 2019 WL 79036, at *3 (N.D. Cal. Jan. 2, 2019) (quoting *Twitch Interactive, Inc. v. Johnston*, No. 16-cv-03404, 2018 WL 1449525, at *4 (N.D. Cal. Jan. 22, 2018)); *see Prods. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, No. 16-cv-00669, 2017 WL 201703, at *5–7 (N.D. Cal. Jan. 18, 2017) (finding a clause stating that "either party shall be entitled to file suit in state or federal court in San Francisco, State of California" if certain conditions were met waived objection to personal jurisdiction); *Twitch Interactive*, 2018 WL 1449525, at *4 (finding consent to personal jurisdiction where "Terms of Service provide[d] 'that the state or federal courts in Santa Clara County, California have exclusive jurisdiction . . . over any suit between the parties not subject to arbitration'"). However, the contract term to which Plaintiff points is a choice-of-law provision that does not as clearly waive objection to the exercise

5

of personal jurisdiction as does a forum selection clause. Accordingly, the Court finds it somewhat relevant to the analysis of Defendant's personal availment, but primarily relies, in finding personal jurisdiction, on the aforementioned in-state activities.

Second, Plaintiff has also shown that his claim in this action arises out of Defendant's activities in California. Plaintiff's counsel has attested that the case arises out of a promissory note executed in California in 2022 that listed the same professional address as appears on the MAS Financing website. Gavenman Decl. ¶¶ 3–4. The promissory note states that Santa Clara County "shall be the venue for any action or proceeding" that might arise in connection with the Parties' performance of the agreement under the note. *Id.* ¶ 4. After Defendant failed to repay the note on schedule, settlement negotiations commenced. *Id.* ¶¶ 5–6. Throughout those negotiations, Defendant was represented by a California attorney. *Id.* ¶ 7 & Ex. A. The Parties ultimately concluded the Settlement Agreement on which this lawsuit is based. *Id.* ¶ 8. These attested facts are sufficient to show that Plaintiff's breach of contract claim "arises out of or relates to the defendant's forum-related activities." *Impossible Foods Inc.*, 80 F.4th at 1086.

Finally, having not responded in any way to Plaintiff's suit or renewed motion, Defendant has failed to carry his burden on the third prong to "'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger,* 374 F.3d at 802 (quoting *Rudzewicz*, 471 U.S. at 477). Moreover, "there is nothing in the record suggesting that it would be inconvenient or otherwise unfair to require Defendant[] to defend against this action in California." *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1054 (N.D. Cal. 2010). Therefore, Plaintiff has established that the Court may exercise specific personal jurisdiction over Defendant Mark Sawyer.

**2. Subject Matter Jurisdiction**

Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate: those involving diversity of citizenship or a federal question, or those to which the United States is a party. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376–77 (2012); *see also Wang v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) ("Federal courts have no power to consider claims for which they lack subject-matter jurisdiction."). As

relevant here, diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000" and the suit is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

Plaintiff seeks Judgment in the amount of $553,000.00 (the outstanding amount owed under the Settlement Agreement), plus prejudgment and post-judgment interest. Compl. ¶ 17(a). The amount in controversy requirement for diversity jurisdiction has thus been met. Regarding the citizenship requirement, Plaintiff asserts that he is a citizen of the State of Minnesota. Compl. ¶¶ 4, 6. Plaintiff initially alleged that Defendant was a citizen of the State of California, *id.* ¶ 6, but states in his renewed motion that Defendant is a citizen of Nevada, Mot. at 12. The Court takes the well-pleaded factual allegations in the Complaint as true on a motion for default judgment, *Benny*, 799 F.2d at 495, so the Court determines, for purposes of this motion, that Defendant is a citizen of California.[1] As Plaintiff and Defendant are the only two Parties to this action, Plaintiff has established that there is complete diversity of citizenship.

In sum, the Court has subject matter jurisdiction over this case.

### 3. Service

Under Federal Rule of Civil Procedure 4, an individual within a judicial district of the United States may be served by doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2). Alternatively, service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." *Id.* 4(e)(1). In California, "[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served," then service can be effected by "leaving a copy of the summons and complaint at the person's dwelling house . . . in the presence of a competent member of the household . . . at least 18 years of age" and then

---

[1] In line with Plaintiff's argument in the Renewed Motion for Default Judgment, the Proof of Service of Summons filed in this case suggests that Defendant may be a citizen of the State of Nevada. ECF No. 15. Whether Defendant is a citizen of Nevada or of California, complete diversity exists.

1  "mailing a copy of the summons and of the complaint by first-class mail." Cal. Civ. Proc. Code
2  § 415.20(b). Under the Federal Rules, a defendant must be served "within 90 days after the
3  complaint is filed," or else the court must dismiss the action without prejudice or order that
4  "service be made within a specified time." Fed. R. Civ. P. 4(m).

5      Plaintiff filed this action on March 21, 2024, meaning that he had until June 19, 2024 to
6  serve the Summons and Complaint on Defendant. On June 12, 2024, Plaintiff filed a Certificate of
7  Service indicating that Mr. Sawyer was served by substituted service at his home in Nevada on
8  June 10, 2024. ECF No. 15 at 1. The Certificate of Service states that the documents were served
9  on Jennifer Sawyer, an individual over the age of 18 who confirmed that Defendant was a co-
10 resident of the address at which service occurred. *Id.* Plaintiff also attached the Declaration of
11 Reasonable Diligence of the individual who served the documents, which indicates that personal
12 service was attempted four times before execution of substituted service. *Id.* at 4. Plaintiff has
13 therefore adequately shown that Defendant was timely served in this action.

14     **B.  *Eitel* Factors**

15     Having determined that the Court has personal jurisdiction over Defendant and subject
16 matter jurisdiction over this action, as well as that Defendant was properly served, the Court
17 proceeds to consider whether the *Eitel* factors weigh in favor of granting a default judgment to
18 Plaintiff. As previously stated, those factors include: "(1) the possibility of prejudice to the
19 plaintiff; (2) the merits of [the] plaintiff's substantive claim; (3) the sufficiency of the complaint;
20 (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material
21 facts; (6) whether default was due to excusable neglect, and (7) the strong policy underlying the
22 Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471–72.

23     **1. Possibility of Prejudice**

24     The first *Eitel* factor considers whether the plaintiff will be prejudiced if a default
25 judgment is not entered. In the absence of entry of a default judgment, Plaintiff in this case will be
26 unable to recover the funds owed to him under the Settlement Agreement. In other words, unless
27 default judgment is entered, Plaintiff will have "no other means of recourse on those claims."
28 *Lesnik v. Eisenmann SE*, No. 16-cv-01120, 2023 WL 3740318, at *3 (N.D. Cal. May 30, 2023);

*Ridola v. Chao*, No. 16-cv-02246, 2018 WL 2287668, at *5 (N.D. Cal. May 18, 2018). Accordingly, this factor weighs in favor of granting Plaintiff's motion.

### 2. Merits of Plaintiff's Claim and Sufficiency of Complaint

"Under an *Eitel* analysis, the merits of [a] plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together," since those factors, in combination, determine whether the plaintiff's allegations have successfully "state[d] a claim on which the plaintiff may recover." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) (quoting *Danning*, 572 F.2d at 1388) (internal alteration omitted).

Here, Plaintiff has alleged only one cause of action for Breach of Contract. Compl. ¶¶ 14–17. Based on the choice of law provision in the Settlement Agreement, California law governs this claim. Compl., Ex. A at 3 ("This Agreement shall be governed, construed and interpreted in accordance with the laws of the State of California, without consideration or application of any choice of law principles."). In California, "the elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (citing *Reichert v. General Ins. Co.*, 68 Cal. 2d 822, 830 (1968)).

Plaintiff alleges that the Settlement Agreement "is a valid and binding contract between Plaintiff and Defendant." Compl. ¶ 15. He further alleges that he "has performed all of his obligations under the Settlement Agreement," yet Defendant breached the agreement "without any excuse or justification for his failure to perform" by refusing to make any payments on the balance owed after February 12, 2024, as well as by "indicat[ing], through counsel, that he will not be making any of the outstanding installment payments." *Id.* ¶¶ 11–13, 16. Finally, Plaintiff alleges that he has suffered damages on account of Defendant's failure to perform under—and repudiation of—the Settlement Agreement. *Id.* ¶ 17. These allegations are sufficient to state a viable claim for breach of contract. Since "[w]ith respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true," the Court need not make more "detailed findings of fact" in concluding that

9

1  Plaintiff's claim has merit. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002)
2  (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).
3      The second and third *Eitel* factors favor entry of a default judgment for Plaintiff.

### 3. Sum of Money at Stake

The fourth *Eitel* factor inquires into the amount of money at stake in the action "in relation to the seriousness of a defendant's conduct." *Craigslist, Inc.*, 694 F. Supp. 2d at 1060 (citing *Eitel*, 782 F.2d at 1471). "[I]f the sum of money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Heifetz v. Breed Props.*, No. C 16-1490, 2017 WL 713303, at *4 (N.D. Cal. Feb. 23, 2017) (citing *Eitel*, 782 F.2d at 1472). In this case, the amount of money at stake is not insignificant. Plaintiff seeks $553,000.00, plus prejudgment and post-judgment interest, based upon the amount that remains due under the Settlement Agreement. Compl. ¶ 17(a). The Court concludes, however, that this amount is not unreasonable or excessive in light of the seriousness of Defendant's conduct, which evinces a willful refusal to abide by the terms of his agreement with Plaintiff. Moreover, the damages sought are clearly documented insofar as they are "consistent with the terms of the contract[]." *Landstar Ranger, Inc. v. Parth Enters.*, Inc., 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010); *Santillo*, 2019 WL 79036, at *7. Therefore, the Court finds that the fourth *Eitel* factor also favors entry of a default judgment for Plaintiff.

### 4. Possibility of a Dispute Concerning Material Facts

Under the fifth *Eitel* factor, the Court considers whether there is a possibility of a dispute over any material fact. *See Ridola*, 2018 WL 2287668, at *13; *Lesnik*, 2023 WL 3740318, at *6. Defendant's failure to appear despite proper service suggests that it is unlikely that a dispute of material fact will arise in the future. *See Prakash Jones v. Morris + D'Angelo*, No. 23-cv-05830, 2024 WL 4428980, at *8 (N.D. Cal. Oct. 4, 2024); *Santillo*, 2019 WL 79036, at *8. Still, since Plaintiff did not submit evidence conclusively proving Defendant's breach, the Court concludes that it is *conceivable* that a dispute of material fact could arise. *See Lesnik*, 2023 WL 3740318, at *6. On the whole, therefore, the Court finds that the fifth *Eitel* factor is neutral.

10

#### 5. Whether Default was Due to Excusable Neglect

The sixth *Eitel* factor considers "whether the default was due to excusable neglect." *Eitel*, 782 F.2d at 1472. In this case, there is no indication that the default is the result of excusable neglect. A summons issued on March 22, 2024, ECF No. 6, and Plaintiff filed the Certificate of Service of the summons and complaint documents on June 12, 2024, ECF No. 15. As previously discussed, service in this case was timely and proper. *Supra* section III.A.3. Defendant never appeared, and default was entered on July 11, 2024. ECF No. 19.

Plaintiff filed Proofs of Service showing that Defendant was served with Plaintiff's Motion for Entry of Default, ECF No. 20, and Plaintiff's first Motion for Default Judgment, ECF No. 24. Defendant did not oppose either motion. Nor has he opposed Plaintiff's Renewed Motion for Default Judgment. In short, because Defendant "was properly served and failed to appear in the present action, the record contains no evidence of excusable neglect." *Heifetz*, 2017 WL 713303, at *4.

#### 6. Policy Underlying the Federal Rules of Civil Procedure

"[D]efault judgments are generally disfavored." *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). "Whenever it is reasonably possible, cases should be decided upon their merits." *Id.* That policy notwithstanding, the final *Eitel* factor will not be an impediment to granting default judgment where the other factors counsel in favor of a plaintiff's motion. *Lesnik*, 2023 WL 3740318, at *6; *Santillo*, 2019 WL 79036, at *8 ("While the policy favoring decision on the merits generally weighs strongly against awarding default judgment, district courts have regularly held that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself."). Here, it does not seem reasonably possible that this case will proceed to decision on the merits, given that Defendant has refused to appear or defend against the action. For that reason, and because all but one of the other factors favor issuance of a default judgment, the Court concludes that the seventh *Eitel* factor does not require a contrary result.

### C. Relief Sought

"Upon entry of default, a plaintiff is required to prove the amount of his damages, because neither the default nor the allegations in the complaint can establish the amount of damages."

*Lasheen v. Embassy of The Arab Republic of Egypt*, 625 F. App'x 338, 341 (9th Cir. 2015) (citing *Geddes*, 559 F.2d at 560). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Here, Plaintiff's Complaint states that he seeks damages in the amount of $553,000.00, plus prejudgment interest and post-judgment interest, reasonable legal fees, and all reasonable costs and expenses in this case. Compl. ¶ 17. However, in his Renewed Motion for Default Judgment, Plaintiff says that he seeks damages "in the amount of $553,000.00, inclusive of costs and attorneys' fees." Mot. at 2. As proof of the damages amount, Plaintiff submits the declaration of his attorney, Jeffrey S. Gavenman, who attests that "Defendant's balance stands in the amount of $553,000.00." Gavenman Decl. ¶ 12. He does not submit any evidence regarding interest, attorneys' fees, or costs. The Court concludes that Plaintiff has done enough to prove damages in the amount of $553,000.00.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Renewed Motion for Default Judgment (ECF No. 32) is hereby GRANTED. Judgment will be entered in favor of Plaintiff in the amount of $553,000.00.

**IT IS SO ORDERED.**

Dated: February 12, 2025

BETH LABSON FREEMAN
United States District Judge